[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has commenced this suit against the defendant David Swirsky seeking to enforce a Restrictive Convenant dated September 14, 1992. On May 7, 2001 the defendant was defaulted for failure to appear at a hearing and the plaintiff claimed this matter for a hearing in damages. On June 17, 1902, a motion was granted which ordered the matter to be heard as a hearing in damages.
On September 14, 1992, the defendant entered into a restrictive agreement with the plaintiff which precluded the defendant from engaging in a solid waster or recyclable materials business in Connecticut for a period of five years. On January 20, 1995, David Swirsky terminated his employment with the plaintiff. Thereafter the defendant engaged in activities prohibited by the agreement. CT Page 9030
The plaintiff claims damages as a result of the actions of the defendant. From the evidence presented the court finds the plaintiff sustained damages of $250,000.00.
The claim for attorneys fees is not provided for as to this defendant in either the contract of sale of Third Century Recycling, Inc. or the Restrictive Covenant. Furthermore, the claim for attorney fees under CUTPA C.G.S § 42-110g does not provide for an attorney fee because this claim does not relate to an injury to the general consuming public, but rather to the redress of a private wrong.
Judgment shall enter for the plaintiff for $250,000.00 plus costs.
 Howard F. Zoarski, Judge Trial Referee